Geeen, J.,
delivered the opinion pf the court.
In this case, the bill charges that some time in the year 1837, an original survey was made in the name of Eleanor Hughes, for 90 acres, by virtue of entry No. 144, in the entry-taker’s office of Perry county; which plat and certificate of survey was, after the death of said Eleanor Hughes, transferred by her heirs, until the same, in 1842 was vested together with the possession in the complainant. That sometime in 1844, this, with various occupant entries were intended to be consolidated, for the purpose of obtaining a grant for the same, pursuant to tjie act of Assembly of the 11th January, 1842, and complainant supposed said Eleanor Hughes’ entry was included in his consolidated entry and survey, until long after he had obtained a grant thereon; but he has since found that part of said Eleanor Hughes’ entry, that he intended to include in the consolidated entry, was left out, and is not covered by his grant, and that defendant Lacy knowing that complainant was entitled to all the land covered by said entry, has by some illegal means, obtained a grant for that portion of it which is not included in the complainant’s grant, having been left out of the consolidated entry and survey by mistake. The bill prays a divestiture of title out of the defendant, &c.
The defendants, Lacy, and Yarbro, his vendee, answer and say, “that whether the entry and survey were transferred to said complainant by her heirs, until the same vested in the complainant, these respondents do not know, and insist on full proof of the fact, and whether complainant was ever in possession of the Eleanor Hughes’ occupant claim, respondents know not, and requires proof of the fact.”
A copy of the Eleanor Hughes’ entry is in the record with a transfer by persons who state themselves to be her heirs, but there is no proof of the execution of the transfer by them, or *500 of their heirship. Nor is there any proof that complainant was ever in possession of the Eleanor Hughes’ entry. He included a portion of it in his consolidated entry, and supposed he had included the whole of it. The assignments upon the entry were a sufficient authority to the entry-taker to permit this entry to be included in Haley’s consolidated entry, because they exhibited a prima facie title to it, in him, and it was not for the entry-taker to investigate the validity of the assignment, or the heirship of the persons who made it as such. But as part of this, Hughes’ occupant entry was not in fact included in the consolidated entry; and the complainant comes here to set up an equity to the land covered by it — he must show that he was entitled to that entry, by proof of the assignment of the heirs of Eleanor Hughes, as that fact is directly put in issue by the answer, and is essential to the existence of any equity in the complainant.
The fact proved by Houston, that the Eleanor Hughes’ entry appeared by the “grant book” in the entry-taker’s office, to be appropriated by the complainant, is no proof of the assignment to him, and upon which alone his equity rests. Unquestionably, he intended, to include it in his consolidated entry, and he and the surveyor, thought it had been done, and therefore, it appears in the “grant book,” to have been appropriated by his consolidated entry, and to have been granted to Haley. But that not having been done, his title rests only on the assignment of the Eleanor Hughes’ entry to him; and having made no attempt to prove said assignment, he has failed to make out his case.
The decree must be reversed, and the bill dismissed.